# EXHIBIT 1 



## 24C1320 : USAA CASUALTY INSURANCE COMPANY O/B/O LINN V UPONOR INC.
### DAVIDSON COUNTY CLERK OF COURTS

| | |
|---|---|
| **Plaintiff** | USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA |
| **Defendant** | UPONOR INC. |
| **Judge** | THOMAS W. BROTHERS - 6th Circuit |
| **Amt. of Claim** | $74,999.99 |
| **Jury/Non Jury** | Non Jury |

**Case Number** 24C1320
**Case Type** CIVIL COMPLAINT
**Opened** 05-24-2024
**Status** Pending

⊟ Show/Hide Participants

**PLAINTIFF[s]**                                          **Counsel of Record**

USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA         JOSEPH BENJAMIN BAKER
9800 FREDERICKSBURG ROAD                                  5400 POPLAR AVE STE 330
SAN ANTONIO, TX 78288                                     MEMPHIS, TN 38119

**DEFENDANT[s]**                                          **Counsel of Record**

UPONOR INC.
C/O NATIONAL REGISTERED AGENTS INC
208 SOUTH LASALLE STREET SUITE 814
CHICAGO, IL 60604

**Judicial Assistant[s]**                                **Counsel of Record**

Aubrey Robinson

Mark Kelly

Lori Hawkins

Morgan Jones

| File Date | Case History |
|---|---|
| 07-22-2024<br>Plaintiff | Filed By: USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA<br>AMENDED COMPLAINT OF P |
| 07-12-2024<br>Defendant | Filed By: UPONOR INC.<br>AGREED ORDER RE: EXTENSION OF TIME TO RESPOND TO THE COMPLAINT |
| 07-03-2024<br>Defendant | Filed By: UPONOR INC.<br>AGREED ORDER - SUBMITTED RE: EXTENSION OF TIME TO RESPOND TO THE COMPLAINT |
| 06-17-2024<br>Plaintiff | Filed By: USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA<br>AFFIDAVIT OF SERVICE OF PROCESS D1-SERVED SERVICE RETURN - UPONOR INC. RT-06/06/2024 |
| 05-24-2024<br>Plaintiff | Filed By: USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA<br>SUMMONS CERT MAIL-D1 W/C |
| 05-24-2024<br>Plaintiff | Filed By: USAA CASUALTY INSURANCE COMPANY O/B/O LINN, DEBRA<br>CIVIL COMPLAINT 281807*1 |

CIRCUIT COURT SUMMONS                    NASHVILLE, TENNESSEE

Service ID 436964

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

USAA CASUALTY INSURANCE COMPANY OBO DEBRA LINN

|  | CIVIL ACTION |
| Plaintiff | DOCKET NO. 24C1320 |
|  | Method of Service: |
|  | Certified Mail |

vs.

UPONOR INC.
C/O NATIONAL REGISTERED AGENTS INC
208 SOUTH LASALLE STREET SUITE 814
CHICAGO, IL 60604

Defendant

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  05/24/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _[signature]_

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JOSEPH B. BAKER
5400 POPLAR AVENUE, SUITE 330
MEMPHIS, TN 38119

NOTICE TO THE DEFENDANT:

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## CERTIFICATION

STATE OF TENNESSEE   )
COUNTY OF DAVIDSON   )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

JOSEPH P. DAY, CLERK

By: _[signature]_                    D.C.



To request an ADA accommodation, please contact Trey Collier at (615) 880-3309    rev. 09/01/2022

CIRCUIT COURT SUMMONS                                      NASHVILLE, TENNESSEE

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

Service ID 436964

USAA CASUALTY INSURANCE COMPANY OBO DEBRA LINN

                                                    Plaintiff

vs.

UPONOR INC.
C/O NATIONAL REGISTERED AGENTS INC
208 SOUTH LASALLE STREET SUITE 814
CHICAGO, IL 60604

                                                  Defendant

CIVIL ACTION
DOCKET NO. 24C1320
Method of Service:
 Certified Mail

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C1320 to the Defendant, UPONOR INC. . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

_____

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON

_____ DAY OF _____, 20____.

                        PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

                        AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 436964

rev. 09/01/2022

**CIRCUIT COURT SUMMONS**                                    NASHVILLE, TENNESSEE

Service ID 436964

# STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

USAA CASUALTY INSURANCE COMPANY OBO DEBRA LINN

Plaintiff

vs.

UPONOR INC.
C/O NATIONAL REGISTERED AGENTS INC
208 SOUTH LASALLE STREET SUITE 814
CHICAGO, IL 60604

Defendant

CIVIL ACTION
DOCKET NO. 24C1320
Method of Service:
   Certified Mail

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED: 05/24/2024

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:

JOSEPH B. BAKER
5400 POPLAR AVENUE, SUITE 330
MEMPHIS, TN 38119

---

**NOTICE TO THE DEFENDANT:**

Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

---

## CERTIFICATION

STATE OF TENNESSEE  )
COUNTY OF DAVIDSON  )

I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

JOSEPH P. DAY, CLERK

By: _____       D.C.



 To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

rev. 09/01/2022

CIRCUIT COURT SUMMONS        NASHVILLE, TENNESSEE

# STATE OF TENNESSEE
## DAVIDSON COUNTY
### 20TH JUDICIAL DISTRICT

Service ID 436964

USAA CASUALTY INSURANCE COMPANY OBO DEBRA LINN

                   Plaintiff

vs.

UPONOR INC.
C/O NATIONAL REGISTERED AGENTS INC
208 SOUTH LASALLE STREET SUITE 814
CHICAGO, IL 60604

                   Defendant

CIVIL ACTION
DOCKET NO. 24C1320
Method of Service:
Certified Mail

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _28th_ day of _May_, 20_24_, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 24C1320 to the Defendant, UPONOR INC. . On the _17th_ day of _June_, 20_24_, I received the return receipt for said registered or certified mail, which had been signed by _Uponor Inc's registered agent_ on the _6th_ day of _June_, 20_24_. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_17_ DAY OF _June_, 20_24_

_Christine Donahoe_
✓ NOTARY PUBLIC or ____ DEPUTY CLERK
MY COMMISSION EXPIRES: _June 28, 2027_

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER

AUTHORIZED BY STATUTE TO SERVE PROCESS

(Notary seal: CHRISTINE DONAHOE, STATE OF TENNESSEE, NOTARY PUBLIC, SHELBY COUNTY, My Commission Expires 06-28-2027)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Uponor, Inc.
c/o National Registered Agents Inc.
208 South LaSalle Street Suite 814
Chicago, IL 60604

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery   ☐ Registered Mail™
☑ Certified Mail®   ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery   ☐ Signature Confirmation™
☐ Collect on Delivery   ☐ Signature Confirmation
☐ Collect on Delivery Restricted Delivery   Restricted Delivery
2. Article Number (Transfer from service label)
☐ Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

**IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

**USAA CASUALTY INSURANCE COMPANY
a/s/o DEBRA LINNN,**

       **Plaintiff,**                         **No._____**

                                                **Div._____**

**v.**

**UPONOR, INC.,**

       **Defendant.**

## COMPLAINT

      COMES NOW the Plaintiff USAA Casualty Insurance Company (hereinafter also referred to as "USAA") as subrogee of Debra Linn (hereinafter also referred to as "Ms. Linn"), by and through counsel, and brings this Action against Defendant Uponor, Inc. (hereinafter also referred to as "Defendant") for damage to Ms. Linn's improved real property in Nashville, Davidson County, Tennessee, that occurred on or about June 25, 2023 as a direct result of the failure of Defendant's product.  As its Complaint, USAA would show unto this Honorable Court as follows:

<u>Parties, Jurisdiction, and Venue</u>

      1.  Plaintiff USAA Casualty Insurance Company is a foreign insurance company duly authorized to conduct business in the State of Tennessee.

      2.  Debra Linn is the owner of certain improved real property located at 4040 Overbrook Drive, Nashville, Tennessee 37204 and, at all times relevant, Ms. Linn enjoyed coverage under a policy of homeowners insurance with USAA.

      3.  Upon information and belief, Defendant Uponor, Inc. is foreign corporation formed in the State of Illinois with its principal office located in the State of Minnesota that can be served

1

with process by and through its registered agent, National Registered Agents Inc., at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

4.   Defendant is a manufacturer, distributor, and/or seller of consumer goods, including cross-linked polyethylene, or PEX, tubing.  Defendant's products are distributed and sold in the State of Tennessee such that this Honorable Court has personal jurisdiction over Defendant pursuant to Tennessee Code Annotated § 20-2-201, *et seq.*

5.   Jurisdiction and venue are proper in Davidson County, Tennessee pursuant to Tennessee Code Annotated § 16-10-101 and Tennessee Code Annotated § 20-4-101, respectively, as a substantial part of the events or omissions giving rise to this Action occurred in Davidson County, Tennessee.

FACTS

6.   By incorporation through reference, USAA restates all previous allegations and averments.

7.   At all times relevant, Ms. Linn has owned improved real property situated at 4040 Overbrook Drive, Nashville, Tennessee 37204 (hereinafter also referred to as "Ms. Linn's home").

8.   At all times relevant, Ms. Linn's home has utilized a recirculating hot water system that consists of, among other things, cross-linked polyethylene, or PEX, tubing to circulate water throughout the home to provide water service to appliances and plumbing applications.

9.   Upon information and belief, Defendant manufactured, distributed, and/or sold the cross-linked polyethylene, or PEX, tubing utilized in Ms. Linn's home at the times relevant.

10.  On or about June 25, 2023, Ms. Linn discovered water damage on the flooring in Ms. Linn's home.

2

11.  Upon investigation, it was discovered that the water damage was emanating from a longitudinal split in the cross-linked polyethylene, or PEX, tubing running beneath the flooring and in the crawlspace underneath Mr. Linn's home.

12.  Upon information and belief, the longitudinal split in the cross-linked polyethylene, or PEX, tubing was caused by a brittle failure of the tubing material due to oxidation when exposed to the water supply for Ms. Linn's home.

13.  Upon information and belief, Defendant manufactured, distributed, and/or sold the cross-linked polyethylene, or PEX, tubing that failed in Ms. Linn's home and caused an uncontrolled discharge of water therein.

14.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn's home sustained damage.

15.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn incurred expense for mitigation of water damage.

16.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn may have sustained damage to her personal property and/or fixtures kept in the dwelling.

17.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn may have sustained damages consisting of allowable living expenses including, but not necessarily limited to, costs for meals and lodging while the Ms. Linn's home may have been in an uninhabitable state.

18. Pursuant to the policy of insurance, USAA made payments to and/or on behalf of Ms. Linn in an amount not less than $70,708.94 (which includes Ms. Linn's deductible, if any) for the

3

damages caused by the failure of Defendant's product such that USAA is legally, contractually, and equitably subrogated to recover the same from Defendant.

CLAIM FOR RELIEF I: STRICT LIABILITY

19. Defendant is a manufacturer, distributor, and/or seller of products, including the cross-linked polyethylene, or PEX, tubing at issue, and is subject to strict liability for damages resulting from defects in those products.

20. The cross-linked polyethylene, or PEX, tubing at issue was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by Defendant because the tubing deviated in material respects from the physical and performance specifications of Defendant.

21. The defective and unreasonably dangerous condition of the cross-linked polyethylene, or PEX, tubing was the direct and proximate cause of the failure and malfunction of the tubing at issue, and the resulting damage for which USAA compensated Ms. Linn.

22. As a result of Defendant's defective product, Ms. Linn sustained damages for which USAA made payment pursuant to an insurance policy and, therefore, is legally, contractually, and equitably subrogated to recover the same from Defendant.

CLAIM FOR RELIEF II: NEGLIGENCE

23. Defendant had a duty to Ms. Linn, as a consumer and foreseeable user of the cross-linked polyethylene, or PEX, tubing, to exercise reasonable care in the design, manufacture, and sale of its products, including the tubing in Ms. Linn's home.

24. Defendant breached that duty by failing to exercise reasonable care in the design, manufacture, inspection, and testing of the cross-linked polyethylene, or PEX, tubing.

4

25.  This breach of duty was the actual and proximate cause of the damages at issue in this Action.

26.  As a result of Defendant's negligence, Ms. Linn sustained damages for which USAA made payment pursuant to an insurance policy and, therefore, is legally, contractually, and equitably subrogated to recover the same from Defendant.

<u>CLAIM FOR RELIEF III: PRODUCTS LIABILITY</u>

27.  USAA asserts Defendant has violated the Tennessee Products Liability Act of 1978 found in Tennessee Code Annotated § 29-28-101, *et seq.*

28.  Defendant is negligent and responsible for the defective condition in the cross-linked polyethylene, or PEX, tubing.

29.  Defendant is a manufacturer of the cross-linked polyethylene, or PEX, tubing within the meaning of the Product Liability Act.

30.  Ms. Linn sustained damages caused by or resulting from the manufacture, the construction, design, formula, preparation, assembly, testing, service warning, instruction, marketing, packaging, or labeling of Defendant's product, for which USAA has compensated Ms. Linn pursuant to a policy of insurance.

31.  Defendant's product constituted a dangerous and defective condition which served as a direct and proximate cause of the damage to Ms. Linn's home.

32.  The subject product was dangerous and defective the time it left the hands of the manufacturer and/or seller.

33.  As a direct and proximate result of the negligence and omissions of Defendant, Ms. Linn's home sustained damage, for which USAA has made payment pursuant to a policy of insurance.

<u>CLAIM FOR RELIEF IV: BREACH OF WARRANTY</u>

34.  When Defendant sold and/or distributed the subject product, the same was not fit for its ordinary purpose and should not have been considered merchantable.

35.  The product was being used for its ordinary purpose and regular purpose at the time of the resulting damage.

36.  As a direct and proximate result of the breach of the implied warranty for merchantability and fitness for a particular purpose, Ms. Linn's home sustained damage, for which USAA has made payment pursuant to a policy of insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff USAA Casualty Insurance Company prays that the Court grant it judgment in an amount not to exceed $74,999.99 for compensatory damages and, further, award its attorney's fees, discretionary costs, court costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
jbaker@mckuhn.com
*Attorneys for the Plaintiff*

6

**IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE**
**FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

| | |
|---|---|
| **USAA CASUALTY INSURANCE COMPANY** )<br>**a/s/o DEBRA LINN,** )<br> )<br> **Plaintiffs,** )<br> )<br> **NO. 24C1320**<br>**vs.** )<br> )<br>**UPONOR, INC.** )<br> )<br> **Defendant.** )<br> )<br> ) | |

**AGREED ORDER FOR EXTENSION OF TIME**
**FOR UPONOR, INC. TO RESPOND TO THE COMPLAINT**

By agreement of the parties and for good cause shown, it is:

**ORDERED, ADJUDGED, and DECREED** that Uponor, Inc. is granted an extension of thirty

(30) days to respond to the Complaint.  Uponor, Inc. will file a responsive pleading on or before

August 7, 2024.

ENTER this _____ day of July, 2024.

_____
Thomas W. Brothers
Circuit Court Judge

**APPROVED FOR ENTRY:**


 /s/ M. Andrew Pippenger_____
M. Andrew Pippenger; No. 18183
Puryear Pippenger & Cook PLLC
104 Woodmont Boulevard, Suite 201
Nashville, TN 37205
Telephone: (423) 521-1201
Facsimile: (615) 630-6602
apippenger@puryearlawgroup.com

1

<u>/s/ Joseph Baker with express permission by Andy Pippenger</u>
Joseph B. Baker, TN BPR 28046
McDonald Kuhn, PLLC
5400 Poplar Avenue, Suite 330
Memphis, TN 38119
(901) 526-0606
jbaker@mckuhn.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on July 3, 2024 the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

Joseph B. Baker, TN BPR 28046
McDonald Kuhn, PLLC
5400 Poplar Avenue, Suite 330
Memphis, TN 38119
(901) 526-0606
jbaker@mckuhn.com

*Attorneys for Plaintiffs*

  /s/ M. Andrew Pippenger
M. Andrew Pippenger

2



| | |
|---|---|
| **Case Title:** | USAA CASUALTY INSURANCE COMPANY O/B/O LINN V UPONOR INC. |
| **Case Number:** | 24C1320 |
| **Type:** | AGREED ORDER |

The foregoing is hereby ORDERED, ADJUDGED AND DECREED:

_____

Judge Thomas Brothers, Sixth Circuit

Electronically signed on 07/12/2024 11:33 AM     page 3 of 3

**IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE**

---

**USAA CASUALTY INSURANCE COMPANY
a/s/o DEBRA LINN,**

      **Plaintiff,**                               **No. 24C1320**

**v.**

**UPONOR, INC.,**

      **Defendant.**

---

### AMENDED COMPLAINT

---

COMES NOW the Plaintiff USAA Casualty Insurance Company (hereinafter also referred to as "USAA") as subrogee of Debra Linn (hereinafter also referred to as "Ms. Linn"), by and through counsel, and brings this Action against Defendant Uponor, Inc. (hereinafter also referred to as "Defendant") for damage to Ms. Linn's improved real property in Nashville, Davidson County, Tennessee, that occurred on or about June 25, 2023 as a direct result of the failure of Defendant's product.  As its Amended Complaint, USAA would show unto this Honorable Court as follows:

PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff USAA Casualty Insurance Company is a foreign insurance company duly authorized to conduct business in the State of Tennessee.

2.  Debra Linn is the owner of certain improved real property located at 4040 Overbrook Drive, Nashville, Tennessee 37204 and, at all times relevant, Ms. Linn enjoyed coverage under a policy of homeowners insurance with USAA.

1

3. Upon information and belief, Defendant Uponor, Inc. is foreign corporation formed in the State of Illinois with its principal office located in the State of Minnesota that can be served with process by and through its registered agent, National Registered Agents Inc., at 208 South Lasalle Street, Suite 814, Chicago, Illinois 60604.

4. Defendant is a manufacturer, distributor, and/or seller of consumer goods, including cross-linked polyethylene, or PEX, tubing. Defendant's products are distributed and sold in the State of Tennessee such that this Honorable Court has personal jurisdiction over Defendant pursuant to Tennessee Code Annotated § 20-2-201, *et seq.*

5. Jurisdiction and venue are proper in Davidson County, Tennessee pursuant to Tennessee Code Annotated § 16-10-101 and Tennessee Code Annotated § 20-4-101, respectively, as a substantial part of the events or omissions giving rise to this Action occurred in Davidson County, Tennessee.

FACTS

6. By incorporation through reference, USAA restates all previous allegations and averments.

7. At all times relevant, Ms. Linn has owned improved real property situated at 4040 Overbrook Drive, Nashville, Tennessee 37204 (hereinafter also referred to as "Ms. Linn's home").

8. At all times relevant, Ms. Linn's home has utilized a recirculating hot water system that consists of, among other things, cross-linked polyethylene, or PEX, tubing to circulate water throughout the home to provide water service to appliances and plumbing applications.

9. Upon information and belief, Defendant manufactured, distributed, and/or sold the cross-linked polyethylene, or PEX, tubing utilized in Ms. Linn's home at the times relevant.

2

10.  On or about June 25, 2023, Ms. Linn discovered water damage on the flooring in Ms. Linn's home.

11.  Upon investigation, it was discovered that the water damage was emanating from a longitudinal split in the cross-linked polyethylene, or PEX, tubing running beneath the flooring and in the crawlspace underneath Mr. Linn's home.

12.  Upon information and belief, the longitudinal split in the cross-linked polyethylene, or PEX, tubing was caused by a brittle failure of the tubing material due to oxidation when exposed to the water supply for Ms. Linn's home.

13.  Upon information and belief, Defendant manufactured, distributed, and/or sold the cross-linked polyethylene, or PEX, tubing that failed in Ms. Linn's home and caused an uncontrolled discharge of water therein.

14.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn's home sustained damage.

15.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn incurred expense for mitigation of water damage.

16.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn may have sustained damage to her personal property and/or fixtures kept in the dwelling.

17.  As a result of uncontrolled discharge of water occasioned by the failure of the cross-linked polyethylene, or PEX, tubing, Ms. Linn may have sustained damages consisting of allowable living expenses including, but not necessarily limited to, costs for meals and lodging while the Ms. Linn's home may have been in an uninhabitable state.

3

18.  Pursuant to the policy of insurance, USAA made payments to and/or on behalf of Ms. Linn in an amount not less than $99,463.89 (which includes Ms. Linn's deductible, if any) for the damages caused by the failure of Defendant's product such that USAA is legally, contractually, and equitably subrogated to recover the same from Defendant.

CLAIM FOR RELIEF I: STRICT LIABILITY

19.  Defendant is a manufacturer, distributor, and/or seller of products, including the cross-linked polyethylene, or PEX, tubing at issue, and is subject to strict liability for damages resulting from defects in those products.

20.  The cross-linked polyethylene, or PEX, tubing at issue was in a defective and unreasonably dangerous condition when manufactured, distributed, and sold by Defendant because the tubing deviated in material respects from the physical and performance specifications of Defendant.

21.  The defective and unreasonably dangerous condition of the cross-linked polyethylene, or PEX, tubing was the direct and proximate cause of the failure and malfunction of the tubing at issue, and the resulting damage for which USAA compensated Ms. Linn.

22.  As a result of Defendant's defective product, Ms. Linn sustained damages for which USAA made payment pursuant to an insurance policy and, therefore, is legally, contractually, and equitably subrogated to recover the same from Defendant.

CLAIM FOR RELIEF II: NEGLIGENCE

23.  Defendant had a duty to Ms. Linn, as a consumer and foreseeable user of the cross-linked polyethylene, or PEX, tubing, to exercise reasonable care in the design, manufacture, and sale of its products, including the tubing in Ms. Linn's home.

24.  Defendant breached that duty by failing to exercise reasonable care in the design, manufacture, inspection, and testing of the cross-linked polyethylene, or PEX, tubing.

25.  This breach of duty was the actual and proximate cause of the damages at issue in this Action.

26.  As a result of Defendant's negligence, Ms. Linn sustained damages for which USAA made payment pursuant to an insurance policy and, therefore, is legally, contractually, and equitably subrogated to recover the same from Defendant.

<u>CLAIM FOR RELIEF III: PRODUCTS LIABILITY</u>

27.  USAA asserts Defendant has violated the Tennessee Products Liability Act of 1978 found in Tennessee Code Annotated § 29-28-101, *et seq.*

28.  Defendant is negligent and responsible for the defective condition in the cross-linked polyethylene, or PEX, tubing.

29.  Defendant is a manufacturer of the cross-linked polyethylene, or PEX, tubing within the meaning of the Product Liability Act.

30.  Ms. Linn sustained damages caused by or resulting from the manufacture, the construction, design, formula, preparation, assembly, testing, service warning, instruction, marketing, packaging, or labeling of Defendant's product, for which USAA has compensated Ms. Linn pursuant to a policy of insurance.

31.  Defendant's product constituted a dangerous and defective condition which served as a direct and proximate cause of the damage to Ms. Linn's home.

32.  The subject product was dangerous and defective the time it left the hands of the manufacturer and/or seller.

33. As a direct and proximate result of the negligence and omissions of Defendant, Ms. Linn's home sustained damage, for which USAA has made payment pursuant to a policy of insurance.

<u>CLAIM FOR RELIEF IV: BREACH OF WARRANTY</u>

34. When Defendant sold and/or distributed the subject product, the same was not fit for its ordinary purpose and should not have been considered merchantable.

35. The product was being used for its ordinary purpose and regular purpose at the time of the resulting damage.

36. As a direct and proximate result of the breach of the implied warranty for merchantability and fitness for a particular purpose, Ms. Linn's home sustained damage, for which USAA has made payment pursuant to a policy of insurance.

WHEREFORE, PREMISES CONSIDERED, Plaintiff USAA Casualty Insurance Company prays that the Court grant it judgment in an amount not to exceed $130,000.00 for compensatory damages and, further, award its attorney's fees, discretionary costs, court costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker_____
Joseph B. Baker (28046)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
jbaker@mckuhn.com
*Attorneys for the Plaintiff*

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing documents has been served on the following via United States Mail, First Class, postage prepaid, on this the <u>22nd</u> day of July 2024:

M. Andrew Pippenger
104 Woodmont Boulevard, Suite 201
Nashville, Tennessee 37205
apippenger@ppclaw.com
*Attorney for the Defendant*

/s/ Joseph B. Baker
Joseph B. Baker

7