| | |
|---|---|
| USAA CASUALTY INSURANCE COMPANY a/s/o DEBRA LINN,<br><br>      Plaintiff,<br><br>vs.<br><br>UPONOR, INC.,<br><br>      Defendant. | )<br>)<br>)   **No. 3:24-cv-00964**<br>)<br>)   **Judge Eli J. Richardson**<br>)<br>)   **Magistrate Judge Barbara D. Holmes**<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT UPONOR, INC.'S MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Uponor Inc. ("Uponor") will and hereby does move this Court for an order compelling arbitration. Should the Court decline to compel arbitration, Uponor will and hereby does move the Court for an order dismissing Plaintiff's claims. This Motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) as well as the Federal Arbitration Act ("FAA"). In support of the requested relief, Uponor states as follows:

1. The Court should compel Plaintiff USAA Casualty Insurance Company a/s/o Debra Linn ("Plaintiff") to arbitrate its claims pursuant to the arbitration clause contained in the binding express warranty applicable to and governing any Uponor product at issue in this action – including the referenced cross-linked polyethylene pipe ("PEX").

2. If the Court does not compel this action to arbitration, then it should dismiss Plaintiff's claims as follows:

    a. Plaintiff's claims for strict liability, products liability, and negligence should be dismissed because they are barred by Tennessee's economic loss rule.

b. Plaintiff's claims for strict liability, products liability, and negligence should be dismissed because Plaintiff has failed to plead facts establishing the essential element of causation.

c. Plaintiff's claim for breach of implied warranty should be dismissed because: (i) the Warranty governing the Uponor PEX disclaims implied warranties; and (ii) the claim also is barred by the applicable four-year statute of limitations under Tenn. Code Ann § 47-2-725(1).

This Motion is based upon this Notice; the Memorandum of Law attached hereto; the concurrently filed Declaration of Stacey Beissel and the exhibit thereto; the pleadings, records, and files in this action; and such other oral and documentary evidence as may be presented at or before any hearing on this Motion. Pursuant to LR 7.01, the undersigned counsel conferred with opposing counsel and determined that this Motion is opposed.

By:/s/ M. Andrew Pippenger
M. Andrew Pippenger, TN BPR 018183
PURYEAR PIPPENGER & COOK, PLLC
104 Woodmont Blvd, Suite 201
Nashville, TN 37205
Tel: (423) 521-1201
Fax: (615) 630-6602
apippenger@ppclaw.com

*Attorneys for Defendant*
*Uponor, Inc.*

2

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that on August 13, 2024 the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF filing system which automatically sends email notifications of such filing to the following attorneys of record:

Joseph B. Baker, TN BPR 28046
McDonald Kuhn, PLLC
5400 Poplar Avenue, Suite 330
Memphis, TN 38119
(901) 526-0606
jbaker@mckuhn.com

*Attorneys for Plaintiff*

/s/ M. Andrew Pippenger
M. Andrew Pippenger

161945666v1